United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Crowley Maritime COrporation,<br>Plaintiff,<br><br>v.<br><br>Robertson Forwarding Co., Inc.,<br>Defendant. | )<br>)<br>)<br>)  Civil Action No. 20-20151-Civ-Scola<br>)<br>)<br>) |

### Order to Show Cause

This matter is before the Court upon an independent review of the record. "[F]ederal courts . . . are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. U.S.*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). The Plaintiff sued the Defendant in federal court on the basis of admiralty or maritime jurisdiction. (Am. Compl., ECF No. 13.) For the reasons stated below, it is unclear whether the Court has subject matter jurisdiction.

On May 13, 2020, the Defendant filed its answer and affirmative defenses and denied that this Court has subject matter jurisdiction. (ECF No. 14 at 1.) The Defendant explained that "[t]here is no maritime contract between Crowley and Robertson that affords this Court jurisdiction under Rule 9(h) of the Federal Rule of Civil Procedure." (*Id.*) Additionally, the Defendant raised as an affirmative defense that "[t]his Court lacks subject matter jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure because there is no maritime contract between Robertson and Crowley." (*Id.* at 4.)

In light of this challenge to the Court's subject matter jurisdiction, it is hereby **ordered** that by **May 21, 2020**, both of the parties shall brief their positions as to whether the Court does or does not have subject matter jurisdiction. Additionally, the Defendant's brief shall explain why it did not move to dismiss for lack of subject matter jurisdiction in response to the complaint.

**Done and ordered**, at Miami, Florida, on May 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge