United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Crowley Maritime Corporation, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-20151-Civ-Scola ) |
| Robertson Forwarding Co., Inc., Defendant. | ) ) ) |

### Order

This matter is before the Court on the parties' responses to the May 15, 2020 Order to Show Cause regarding subject matter jurisdiction in this case. (Order, ECF No. 15; Def.'s Br., ECF No. 16; Pl.'s Br., ECF No. 17.) The issue of subject matter jurisdiction was raised in the Defendant's answers to the original and amended complaints. (Def.'s Answer, ECF No. 6 at ¶ 1; Def.'s Answer to Am. Compl., ECF No. 14 at ¶ 1.) Having reviewed the parties' briefing, the record, and the relevant legal authorities, the Court finds that the Plaintiff has failed to show cause why the amended complaint should not be dismissed for lack of subject matter jurisdiction, and the Court **dismisses** the amended complaint without prejudice (**ECF No. 13**).

### I. Background

This action arises from the Defendant's purported breach of maritime contracts that required the Defendant to pay "Crowley" a total of $36,607.00 for transporting cargo aboard ocean vessels and hauling trucks at the request and direction of the Defendant. (ECF No. 13 at ¶¶ 17, 22.) In support of its allegations, the Plaintiff, Crowley Maritime Corporation, attached three documents to the amended complaint. First, a Bill of Lading made by, and instructing that payment be remitted to, Crowley Puerto Rico Services Inc. (Ex. A., ECF No. 13-1 at 3.) Second, an unsigned copy of Terms and Conditions to the Bill of Lading, which "govern[s] the relationship between Carrier and Shipper." (Ex. B., ECF No. 13-2 at ¶¶ 1, 2 (defining "Carrier" as "Crowley Puerto Rico Services Inc" and "Shipper" as Defendant "Robertson Forwarding Co Inc").) The Terms and Conditions also provide that the "Carrier shall be entitled to recover all costs of collection including reasonable attorneys fees and expenses." (ECF No. 13-2 at ¶¶ 1, 21.) The third exhibit is an invoice to the Defendant issued by, and instructing that payment be remitted to, Crowley Caribbean Logistics, LLC. (Ex. C., ECF No. 13-3 at 2.)

Neither "Crowley Puerto Rico Services Inc." nor "Crowley Caribbean Logistics, LLC" is a party to this action. Further, the only named plaintiff, "Crowley Maritime Corporation," is not mentioned in any of the purported marine contracts that allegedly confer admiralty jurisdiction upon this Court (*i.e.*, the Bill of Lading, Terms and Conditions, and Invoice). The Plaintiff was aware of these facts when it commenced this action, as the original and amended complaints both allege: "As the parent company of Crowley Puerto Rico Services, Inc. and Crowley Caribbean Logistics, LLC, Plaintiff is fully authorized to bring this action." (ECF No. 13 at ¶ 3.)

On February 4, 2020, the Defendant raised the issue of subject matter jurisdiction for the first time in its answer to the original complaint. (ECF No. 6.) Specifically, the Defendant "denie[d] that this Court has subject matter jurisdiction," and explained further that "[t]here is no maritime contract between [the Plaintiff] and [the Defendant] that affords this Court jurisdiction." (*Id.* at ¶ 1.) After the Defendant called into question the Court's subject matter jurisdiction, the Plaintiff timely filed an amended complaint. (ECF No. 13.) However, the amended complaint only modified "some of the underlying factual allegations" and added a count for unjust enrichment; it did not address the jurisdictional issue that the Defendant raised. Accordingly, the Defendant's answer to the amended complaint again denied the existence of subject matter jurisdiction on the same grounds. (ECF No. 14.) In light of that challenge to the Court's subject matter jurisdiction, on May 15, 2020, the Court ordered the parties to brief their positions as to whether the Court has subject matter jurisdiction. (ECF No. 15.)

## II.   Legal Standard

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Indeed, standing generally must be present at the inception of the lawsuit. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n.5 (1992). Article III of the U.S. Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan*, 504 U.S. at 560; *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally

protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (same).

"[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* (citation omitted)). A facial attack requires the court to "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233–34. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232. Finally, "a court may challenge a plaintiff's standing *sua sponte*." *Gonzalez ex rel. Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1180-84, n.18 (S.D. Fla. 2000) (Moore, J.), *aff'd*, 212 F.3d 1338 (11th Cir. 2000).

### III. Analysis

The issue before the Court is whether the Plaintiff, solely in its capacity as a parent company of subsidiaries that are parties to contracts, has standing to sue for breach of those contracts. The Court holds that it does not. The Plaintiff's brief on subject matter jurisdiction argues that the underlying documents are in fact marine contracts, but the brief fails to address the issue raised by the Defendant (ECF No. 17 at 4); namely, the Plaintiff is not a party to those marine contracts (ECF No. 16 at 1 ("[T]he operative pleading is devoid of any contract between [Plaintiff] and [Defendant].")). Instead of addressing the issue, the Plaintiff glosses over the distinct legal entities and conflates Crowley Maritime Corporation, Crowley Puerto Rico Services, Inc., and Crowley Caribbean Logistics, LLC, together as "Crowley." (*See* ECF No. 17 at 4 ("*Crowley* transported the goods on Robertson's account.) (emphasis added).) But the agreements involve entities that are not parties to this action.

Because the Defendant does not ask the Court to consider any extrinsic evidence outside of the amended complaint or its attachments, the motion "constitutes a facial attack on [the Plaintiff's] standing." *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, No. 17-CV-23749, 2018 WL 1547600, at *6 (S.D. Fla. Mar. 9, 2018) (Seitz, J.). Accordingly, the Court looks only to the amended complaint and its exhibits, and treats the well-pled allegations as

true. *See id.* Nevertheless, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (citation omitted). For the reasons explained below, the Court finds that the amended complaint fails to adequately allege a basis for the Plaintiff to have standing and, therefore, for the Court to have subject matter jurisdiction over this action.

"It is axiomatic that a plaintiff 'generally must assert his own legal rights and cannot rest his claim to relief on [the] legal rights or interests of third parties.'" *Elandia Int'l, Inc. v. Koy*, No. 09-20588-CIV, 2010 WL 2179770, at *1 (S.D. Fla. Feb. 22, 2010) (Torres, Mag. J.) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), *report and recommendation adopted by*, No. 09-cv-20588, 2010 WL 2196040 (S.D. Fla. June 1, 2010) (Moreno, C.J.). The Plaintiff claims that it "is fully authorized to bring this action" (*i.e.*, that it has standing to bring this action). (ECF No. 13 at ¶ 3.) However, that conclusory allegation does not establish standing. The amended complaint makes no allegations that put the Defendant on notice of a valid legal theory of standing. For example, the amended complaint does not allege that the Plaintiff is an assignee of the contracts or a third-party beneficiary of the contracts. This inadequacy went uncured even after the complaint was amended and after the Court ordered the parties to show cause concerning subject matter jurisdiction. Additionally, that conclusory allegation is belied by the Plaintiff's exhibits, which do not show that it has any rights under the purported contracts.

As a matter of law, the Plaintiff does not have standing merely because it is a parent corporation of subsidiaries that entered into the underlying contracts. In *MSP Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*, the Court held that "parent corporations lack standing to sue on behalf of their subsidiaries." No. 18-21626-CIV, 2018 WL 5112998, at *12 (S.D. Fla. Oct. 19, 2018) (Altonaga, J.) (citing *Elandia Int'l, Inc.*, 2010 WL 2179770, at *5).) That Court went on to dismiss a complaint that, like the amended complaint at bar, "fail[ed] to allege exactly *how* [the parent company plaintiff] can sue on behalf of a subsidiary entity." *Id.* (emphasis added). Similarly, in *American International Group, Inc. v. Cornerstone Businesses, Inc.*, Florida's Second District Court of Appeal held that a parent company lacked standing to sue for breach of a contract to which only its subsidiary and the defendant were parties. 872 So. 2d 333, 336 (Fla. 2d DCA 2004). The parent corporation lacked standing "even though [the subsidiary]" was "wholly-owned," because that relationship "does not make the two corporations interchangeable for purposes of bringing or defending a lawsuit." *Id.* ("A parent corporation and its wholly-owned subsidiary are separate and distinct legal entities."). As such, "a parent corporation . . . cannot exercise the rights of its subsidiary." *Id.* (citation

omitted). Accordingly, the Plaintiff lacks standing as its purported authority to sue rests only on the conclusory allegation that the Plaintiff is "the parent company" of parties to the contracts at issue. (ECF No. 13 at ¶ 3.)

The Court has also considered the applicability of Federal Rule of Civil Procedure 17 to this case. Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest" and,

> (3) *Joinder of the Real Party in Interest*. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. . . .

Fed. R. Civ. P. 17(a)(1), (3). However, Rule 17 is inapplicable for three reasons.

First, as explained above, the Plaintiff lacks standing under the Constitution, and the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Thus, Article III standing supersedes the Rules to the extent they ever conflict. *See Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1279 (S.D. Fla. 2003) (Cohn, J.) ("The Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of federal courts beyond the limits of the U.S. Constitution. Accordingly, Rule 17(a) must be read with the limitation that this Court must at a minimum have subject matter jurisdiction over the original claims.") (citation omitted). As such, the Rules cannot displace the constitutional Case or Controversy requirement that mandates dismissal in this case. *See Gonzalez ex rel. Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1180-84, n.18 (S.D. Fla. 2000) (Moore, J.) (holding that resolution of [the Rule 17] issue first requires that Plaintiff has standing under Article III), *aff'd*, 212 F.3d 1338 (11th Cir. 2000). Additionally, it is proper not to *sua sponte* grant leave to substitute parties where no such leave was requested, and instead to dismiss this action, because where a named plaintiff "has no standing to bring this action [it has] no standing to make a motion to substitute the real party in interest. 86 F. Supp. 2d at 1279-80 (denying motion under Rule 17 for leave to substitute real party in interest where plaintiff-movant lacked standing).

Second, even if the Plaintiff had standing (and it does not), Rule 17(c) requires that the Court withhold dismissal only until after "a reasonable time has been allowed" for the real party in interest to be substituted into the action. Fed. R. Civ. P. 17(c). The Defendant first objected to the Plaintiff's failure to prosecute in the name of the real party in interest on February 4, 2020. (ECF No. 6.) Over five-and-a-half months have passed since then, and

over two months have passed since the Court ordered the parties to show cause. In that time, there has been no "ratification, joinder, or substitution" by the real parties in interest. Accordingly, the Court finds that a reasonable time has passed such that dismissal is proper.

Third, and again assuming *arguendo* that the Plaintiff has standing, the Advisory Committee's comments to Rule 17 make clear that the Rule "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17, Advisory Comm. Notes, 1966 Amend. Accordingly, "most courts have interpreted . . . Rule 17(a) as being applicable only when the plaintiff brought the action [in the name of the wrong party] as a result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (citation omitted); *see also* Wright, Miller & Kane, Federal Practice and Procedure, § 1555 at 571 (3d ed. 2010) ("[I]t has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed.") (citing cases). In this case, the determination of the proper parties to bring the action was not difficult – they are subsidiaries of the Plaintiff, their identities are spelled out on the face of the underlying documents, the Defendant raised the issue twice, and the Court ordered the parties to address the issue.

### IV.   Conclusion

Accordingly, the Court **dismisses** the complaint **without prejudice** for lack of subject matter jurisdiction (**ECF No. 13**). As the Plaintiff has not shown subject matter jurisdiction and has not sought leave to amend, the Court dismisses the complaint **without leave to amend**. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). The Clerk of Court is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on July 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge